IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GARY L. SMITH, BOP # 52962-019,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   CIVIL NO. 11-701-GPM |
| | ) |
| **FEDERAL BUREAU OF PRISONS,** | ) |
| | ) |
| **Defendant.** | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Gary L. Smith, a prisoner in the custody of the Federal Bureau of Prisons ("BOP") who currently is incarcerated in the United States Penitentiary in Marion, Illinois ("USP Marion"), brings this action pro se pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for alleged deprivations of his constitutional rights by persons acting under color of federal law. Smith's complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A, which provides, in relevant part:

> (a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on

its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Though the Court must accept a plaintiff's factual allegations as true, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim."  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Also, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements."  *Id*.  The factual allegations of a pro se complaint must be liberally construed. *See Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

According to the allegations of Smith's pro se complaint, his constitutional rights supposedly have been violated at USP Marion in the following ways:  he has been exposed to second-hand cigarette smoke (also known as "environmental tobacco smoke" or "ETS"); he has been forced to work without pay; on August 3, 2010, he was assaulted by a Lieutenant Bird, presumably a guard employed by BOP at USP Marion, and another unnamed guard, then denied medical treatment for injuries that Smith suffered as a result of the assault; and officials at USP Marion permit prisoners who are not confined for sex offenses to discriminate against prisoners who are confined for such offenses by denying prisoners confined for sex offenses access to certain areas of USP Marion, televisions, and sports equipment, and by extorting money and commissary items from sex offenders, in violation of Smith's right of equal protection of the laws.  In connection with Smith's equal protection claim, Smith seeks an injunction requiring officials at USP Marion to confine sex offenders and non-sex offenders in separate housing units.

The principal problem with Smith's *Bivens* claim is that the sole Defendant named in Smith's complaint is BOP. However, a *Bivens* action may be maintained only against a federal official in his or her individual capacity; it cannot be maintained against the United States or a federal agency. *See FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994) (*Bivens* actions cannot be brought against federal agencies); *Robinson v. Turner*, 15 F.3d 82, 84 (7th Cir. 1994) ("A plaintiff bringing a *Bivens* action sues a federal employee in his or her individual capacity, rather than the governmental agency or entity employing the individual[.]"); *Cross v. Fiscus*, 830 F.2d 755, 756 (7th Cir. 1987) (finding that *Bivens* only authorizes suits against federal officials in their individual capacities); *Wag-Aero, Inc. v. United States*, 837 F. Supp. 1479, 1488 (E.D. Wis. 1993) ("A *Bivens* action can be maintained against a [federal] defendant only in his or her individual capacity. Consequently, [the plaintiff] cannot maintain its claims for damages against the United States of America[.]") (citation omitted). *Accord Mack v. United States*, 814 F.2d 120, 122-23 (2d Cir. 1987) ("[A] *Bivens* action will only lie against a federal government official."). Accordingly, Smith's complaint will be dismissed.[1]

---

1. The Court notes other defects in Smith's complaint. For example, with respect to Smith's ETS claim, as a general proposition "[a] prison is not required to provide a completely smoke-free environment, except for prisoners who have asthma or some other serious respiratory condition that even a low level of ambient smoke would aggravate." *Powers v. Snyder*, 484 F.3d 929, 932 (7th Cir. 2007). Thus, "[a] normal prisoner must prove that he 'is being exposed to *unreasonably high levels of ETS*[.]'" *Id.* (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)) (emphasis in original). Here Smith alleges neither that he suffers from a respiratory condition that might be aggravated by ETS nor that he is being exposed to abnormal levels of ETS. As to Smith's claim that he has been forced to work without pay at USP Marion, "[t]he Thirteenth Amendment excludes convicted criminals from the prohibition of involuntary servitude, so prisoners may be required to work." *Vanskike v. Peters*, 974 F.2d 806, 809 (7th Cir. 1992). "Further, there is no Constitutional right to compensation for [prison] work; compensation for prison labor is 'by grace of the state.'" *Id.* (quoting *Sigler v. Lowrie*, 404 F.2d 659, 661 (8th Cir. 1968)). Concerning Smith's claim that he was assaulted by guards at USP Marion, "not every 'malevolent touch by a prison guard' gives rise to a federal cause of action[.]" *Outlaw v. Newkirk*, 259 F.3d 833, 838

To conclude, pursuant to 28 U.S.C. § 1915A, the Court finds that Smith's complaint is frivolous. Therefore, this action is **DISMISSED with prejudice**. Smith is advised that the dismissal of this case will count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g). The Clerk of Court will enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED: January 18, 2012

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge

---

(7th Cir. 2001) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). Rather, only force that is applied by a prison guard to a prisoner "maliciously and sadistically to cause harm" violates the Eighth Amendment. *Lunsford v. Bennett*, 17 F.3d 1574, 1581 (7th Cir. 1994). Here Smith alleges only that he was subjected to physical coercion by guards, not that the use of force was unprovoked. Similarly, the injuries to which medical personnel at USP Marion Smith claims were deliberately indifferent after Smith allegedly was assaulted, i.e., a headache, dizziness, etc., do not rise to the level of serious medical needs for Eighth Amendment purposes. *See, e.g., Pinkston v. Madry*, 440 F.3d 879, 891 (7th Cir. 2006) (holding that a split lip and a swollen cheek are not objectively serious medical conditions). Finally, with respect to Smith's equal protection claim, the invidious discrimination at issue is alleged to be the work of other prisoners at USP Marion, not prison officials. Prison officials in supervisory positions may be charged with violating equal protection only if a discriminatory result allegedly was the intent or purpose of the supervisors. Smith's allegations that prison officials simply have failed to act to prevent discrimination, without more, are insufficient to state an equal protection violation. *See Village of Arlington Heights v. Metropolitan Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977) (refusing to find an equal protection violation based solely on discriminatory results alone; discriminatory intent is required); *Crawford v. Edmonson*, 764 F.2d 479, 487 (7th Cir. 1985) (because discriminatory intent is required to establish an equal protection violation, allegations of negligence are insufficient to state a claim for such a violation). Also, an injunction requiring officials at USP Marion to keep sex offenders and non-sex offenders in different housing units is beyond the Court's authority to grant. *See Westefer v. Snyder*, 725 F. Supp. 2d 735, 788-89 (S.D. Ill. 2010).